10-2907-ag
Zheng v. Holder

BIA
Weisel, IJ
A094 938 706

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT A. KATZMANN,
        DENNY CHIN,
            *Circuit Judges.*

_____

JIN BIAO ZHENG,
        *Petitioner,*

        v.                                          10-2907-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel, Office of Immigration Litigation; Zoe J. Heller, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Biao Zheng, a native and citizen of China, seeks review of the June 22, 2010, order of the BIA affirming the July 7, 2008, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and CAT relief. *In re Jin Biao Zheng*, No. A094 938 706 (B.I.A. June 22, 2010), *aff'g* No. A094 938 706 (Immig. Ct. N.Y. City July 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and the BIA's decisions, including the portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's adverse credibility determination is supported by substantial evidence, given inconsistencies between Zheng's testimony and his written asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). While

2

Zheng argues, relying on *Secaida-Rosales v. INS*, 331 F.3d 297 (2d Cir. 2003), that the IJ committed legal error by using an "inappropriately stringent standard," the REAL ID Act, which governs this case, supersedes *Secaida-Rosales;* consequently, the IJ did not err in basing his adverse credibility determination on inconsistencies and omissions "collateral or ancillary" to Zheng's claims. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

As the agency found, Zheng's claim in his asylum application, that ten members of the family planning authority had beaten him, conflicted with his testimony that he was never physically harmed by the Chinese government. Zheng also failed to testify in conformity with his statement in his application that he was threatened with sterilization. Furthermore, although he testified that, while he was at a construction site, family planning officials approached his father at home and threatened to target Zheng for forcible sterilization, Zheng did not mention this incident in his application. To the extent that Zheng argues that these inconsistencies resulted from his poor education and difficulties in translation, a reasonable fact-finder would not be compelled to credit that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

As the agency noted, Zheng was also inconsistent in that he failed to testify in conformity with his assertions in his application that he had been fined after his wife was forced to abort her pregnancy and required to attend several gynecological examinations, or that he had been threatened with forcible sterilization while at his local family planning office. Although Zheng's explanation, that he did not testify about the events surrounding his wife's forced abortion because they are not directly relevant to his own asylum application, might have raised a valid argument under this Court's pre-REAL ID Act case law, *see Heui Soo Kim v. Gonzales*, 458 F.3d 40, 46-49 (2d Cir. 2006), under the REAL ID Act, the agency does not err in considering any inconsistency or omission, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167.

Moreover, the agency reasonably found that Zheng failed to rehabilitate his testimony, as he did not provide an affidavit from his father corroborating his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (explaining that an applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration undermines the applicant's ability to rehabilitate testimony that was called into question).

4

Contrary to Zheng's argument, the IJ was not required first to identify the missing evidence and show that it was reasonably available. *See Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006).

Based on the inconsistencies and lack of corroboration found by the agency, substantial evidence supports the agency's adverse credibility determination, 8 U.S.C. § 1158(b)(1)(B)(iii)*; Xiu Xia Lin*, 534 F.3d at 167, which provided an adequate basis for denying asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5